**UNITED STATES of America, Plaintiff—Appellee,**

v.

**George Bemis ROBERTS, Defendant— Appellant.**

**No. 06–10449.**

United States Court of Appeals, Ninth Circuit.

Submitted June 13, 2007.*

Filed June 15, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Thomas E. Flynn, Esq., USSAC–Office of the U.S. Attorney, Sacramento, CA, Helen Krapels, Chevy Chase, MD, for Plaintiff–Appellee.

Matthew C. Bockmon, Esq., FPDCA–Federal Public Defender's Office Sacramento, CA, for Defendant–Appellant.

Before: GOODWIN, BYBEE, and M. SMITH, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provid-

## MEMORANDUM **

The facts and procedural posture of the case are known to the parties, and we do not repeat them here. George Bemis Roberts ("Appellant") asserts that the United States Parole Commission ("Parole Commission") erred in setting the United States full term expiration date to be that set by Japan, because the latter date did not account for actual time served and credits computed by the Bureau of Prisons ("BOP").

Appellant poses his challenge as disputing the Parole Commission's 18 U.S.C. § 4106A(b)(1) release date determination. Under § 4106A(b)(1)(A), the Commission must "determine a release date and a period and conditions of supervised release ..., as though the offender were convicted in a United States district court of a similar offense." The statute also articulates the information to be used by the Parole Commission in its release date determination and mandates that "[t]he combined periods of imprisonment and supervised release that result from [the Commission's] determination shall not exceed the term of imprisonment imposed by the foreign court on that offender." § 4106A(b)(1)(B), (C).

The substance of Appellant's challenge is not to the Parole Commission's application of the Sentencing Guidelines to the information enumerated in § 4106A(b)(1)(B) and (C)—which would be appropriately considered under our § 4106A(b)(2) appellate jurisdiction, see *Ajala v. United States Parole Comm'n,* 997 F.2d 651, 656 (9th Cir.1993)—but to the credit determination that arises under 18 U.S.C. § 4105. Specifically, Appellant asserts that the release date determination

ed by 9th Cir. R. 36–3.

fails to incorporate credits for pre-sentence custodial time and actual time served. Although Appellant directs his claim at the Parole Commission's determination, under our case law, the evaluation and application of credits is part of the BOP's § 4105 release date determination. *See Ajala*, 997 F.2d at 653.

While § 4106A(b)(2) provides that the Parole Commission's release date determination may be appealed directly to this court, a prisoner challenging the BOP's release date determination under § 4105 must first exhaust available administrative remedies. *See Ajala*, 997 F.2d at 655. We have no jurisdiction to consider his appeal under § 4106A. *See id.* at 656.

Accordingly, the appeal is **DISMISSED** for lack of jurisdiction.